UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KULWANT LASHER, USA EXPRESS CAB LLC, | Case No.: 10-CV-04173-LHK |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT |
| v. | |
| CITY OF SANTA CLARA, | |
| Defendant. | |

Before the Court is Defendant's motion to dismiss. *See* Dkt. #14. Instead of filing an opposition to that motion, however, Plaintiffs filed an untimely Amended Complaint. *See* Dkt. #21. The Court deems Defendant's motion appropriate for resolution without oral argument and vacates the April 28, 2011 motion hearing. *See* Civ. L.R. 7-1(b). The April 28, 2011 case management conference is continued to Wednesday, July 20, 2011 at 2:00 p.m. For the following reasons, the Court DENIES Defendant's motion to dismiss as moot, and accepts the filing of Plaintiffs' Amended Complaint.

**I. BACKGROUND**

Plaintiff Kulwant Lasher, at the time proceeding *pro se*, filed a complaint on behalf of himself and his company USA Express Cab LLC on September 16, 2010. *See* Compl. [dkt. #1]. In that initial complaint, Plaintiffs brought suit under 42 U.S.C. § 1983, alleging that the City of Santa Clara "unlawfully revoked, canceled their taxicab licenses, and permits on September 16, 2008." *Id*. at ¶ 1. Plaintiffs also generally alleged that "[b]y reason of the defendants' conduct, plaintiffs

1

Case No.: 10-CV-04173-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT

were deprived of rights, privileges, and immunities secured to them." *Id*. at ¶ 4. Plaintiffs, however, did not identify a particular "right," "privilege," or "immunity' that was deprived.

On March 1, 2011, Defendant filed a motion to dismiss the complaint for failure to state a claim, and noticed that motion for a hearing date of April 28, 2011. Defendants argued that: (1) Plaintiffs did not identify a specific basis for their §1983 claim; (2) Plaintiffs' complaint is barred by his felony bribery conviction pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)[1]; and (3) Plaintiff USA Express Cab LLC should be dismissed because business entities may not proceed without representation. *See* Def.'s Mot. to Dismiss at 2-4.

Pursuant to the District's Civil Local Rules, Plaintiffs' opposition to the motion was due on April 7, 2011 (three weeks prior to the motion hearing date). *See* Civ. L.R. 7-3. Instead of filing an opposition, however, Plaintiffs, now acting via counsel, filed a first amended complaint ("FAC") on April 7, 2011. *See* Dkt. #21. In the FAC, Plaintiffs do identify a specific basis for their §1983 claim. Specifically, Plaintiffs allege Defendant violated their right to due process of law by permanently revoking Plaintiffs' permit to operate the taxicab business without inspecting Plaintiffs' cabs. FAC ¶¶ 7-8. Plaintiffs further allege that their constitutional right to due process of law was violated as a result of the official customs, practices, and policies of Defendant. *Id*. Also on April 7, 2011, Plaintiffs filed a "Response" to the motion to dismiss, stating that the filing of the FAC pursuant to Federal Rule of Civil Procedure 15(a) renders the motion to dismiss moot. *See* Dkt. 22.

---

[1] In *Heck*, the Supreme Court held that: "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider **whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence**; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (bolded for emphasis).

2

Case No.: 10-CV-04173-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT

## II. DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may file an amended complaint once without leave of the court if it is filed within twenty-one days of service of a Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a). While Rule 15(a) provides for a twenty-one day deadline, Rule 15(b) states: "The court should freely give leave [to amend a pleading] when justice so requires." *See* Fed. R. Civ. P. 15(b).

Here, Defendant's motion to dismiss the original complaint was filed on March 1, 2011, but Plaintiffs did not file the FAC until April 7, 2011, which is beyond the twenty-one day deadline of Rule 15(a). Despite the untimely filing of the FAC, the Court will accept the FAC in light of the Rule 15(b)'s guidance to freely give leave when justice so requires and in light of Plaintiffs' recent retention of counsel. *See Shirley v. Wachovia Mortg. FSB*, 2010 U.S. Dist. LEXIS 133248, *7 (N.D. Cal. Dec. 2, 2010) ("Despite the untimely filing of Plaintiffs' Amended Complaint, the Court will accept its filing for practical reasons."). Because the FAC supersedes the original complaint, the Court denies Defendant's motion to dismiss the original complaint as moot.[2]

The parties, now both represented by counsel, should note that the Court will not tolerate future missed deadlines or violations of court rules.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant City of Santa Clara's motion to dismiss the original complaint as moot. Plaintiffs' FAC, filed on April 7, 2011, supersedes the original complaint. Within twenty-one (21) days of this Order, Defendant shall either file its answer or a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. The April 28, 2011 motion hearing is VACATED. The April 28, 2011 case management conference is continued to Wednesday, July 20, 2011 at 2:00 p.m. In the event Defendant files a motion to

---

[2] The Court is aware that, in its Reply, Defendant argued that even if the FAC does correct some deficiencies of the original complaint, "Plaintiffs are unable to side-step the substantive bar to this lawsuit by virtue of *Heck v. Humphrey*." *See* Def.'s Reply at 1. It is not clear to the Court at this point, however, exactly how a judgment in favor of Plaintiffs "would necessarily imply the invalidity" of Plaintiff Lasher's bribery conviction. In light of the acceptance of the FAC (which appears to be premised upon a procedural due process claim), Defendants may raise and clarify the *Heck* bar argument, and any other argument for dismissal, with respect to the now operative FAC.

3

Case No.: 10-CV-04173-LHK
ORDER DENYING MOTION TO DISMISS AS MOOT

dismiss the FAC, the Court will move the case management conference to the same date as the motion hearing.

**IT IS SO ORDERED.**

Dated: April 25, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge